# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WARNER BROS. RECORDS INC., et al., | ) 1:08cv0588 AWI DLB<br>)<br>)<br>) FINDINGS AND RECOMMENDATION<br>) REGARDING PLAINTIFFS' MOTION FOR<br>) DEFAULT JUDGMENT<br>) |
| Plaintiffs, | ) |
| v. | ) (Document 18) |
| DAMIEN HEGR, | )<br>)<br>) |
| Defendant. | )<br>)<br>)<br>) |

Plaintiffs Warner Bros. Records Inc., Sony BMG Music Entertainment, Arista Records LLC, Interscope Records, UMG Recordings, Inc., and Virgin Records America, Inc. ("Plaintiffs") filed the instant motion for default judgment on October 13, 2008.  The motion was heard on January 9, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Attorney Dawniell Zavala appeared telephonically on behalf of Plaintiffs.  Defendant Damien Hegr ("Defendant") did not file a response to the motion, did not appear at the hearing, and has not otherwise communicated with the Court.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs filed the instant copyright infringement action on April 29, 2008.  Plaintiffs allege that Defendant, without permission or consent, used and continues to use an online media distribution system to download Plaintiffs' copyrighted materials and distribute them to the public.  Plaintiffs specify nine songs for which they claim infringement, but indicate that

1   Defendant has downloaded and/or distributed additional sound recordings.  Plaintiffs allege

2   copyright infringement pursuant to 17 U.S.C. § 101 et seq. and seek statutory damages, a

3   permanent injunction, and attorneys' fees and costs.

4        Following an order allowing additional time for serving the complaint, Defendant was

5   served on August 4, 2008, by personal service at his address in Madera, California.

6        On September 9, 2008, the Clerk entered default against Defendant based on his failure to

7   answer the complaint or otherwise appear.  Defendant was served with the default by mail on

8   September 9, 2008.

9        Plaintiffs filed the instant motion for default judgment on October 13, 2008, and seek

10   judgment as follows: (1) minimum statutory damages ($750.00) for each of the 9 infringements

11   alleged in the complaint in the amount of $6,750; (2) a permanent injunction; and (3) costs in the

12   amount of $420.00.  Plaintiffs do not seek to recover attorneys' fees.

13                                    **DISCUSSION**

14        Plaintiffs move for entry of default judgment pursuant to Federal Rule of Civil Procedure

15   55(b)(2), which provides that judgment may be entered:

16        By the Court.  In all other cases, the party must apply to the court for a default
        judgment.  A default judgment may be entered against a minor or incompetent
17        person only if represented by a general guardian, conservator, or other like
        fiduciary who has appeared.  If the party against whom a default judgment is
18        sought has appeared personally or by a representative, that party or its
        representative must be served with written notice of the application at least 3 days
19        before the hearing.  The court may conduct hearings or make referrals–preserving
        any federal statutory right to a jury trial–when, to enter or effectuate judgment, it
20        needs to: (A) conduct an accounting; (B) determine the amount of damages; (C)
        establish the truth of any allegation by evidence; or (D) investigate any other
21        matter.

22        "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as

23   true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th

24   Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  Thus,

25   "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed

26   admitted." 10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

27        Factors which may be considered by courts in exercising discretion as to the entry of a

28   default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of

1   plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in

2   the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

3   due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

4   Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.

5   1986).

6          To prevail on a claim for copyright infringement under the Copyright Act, Plaintiffs must

7   prove that Defendant violated their exclusive rights as provided by Section 106 of the Copyright

8   Act, which provides, in pertinent part:

9          [T]he owner of copyright under this title has the exclusive rights to do and to authorize
           any of the following: (1) to reproduce the copyrighted work in copies or phonorecords ...
10         (3) to distribute copies of phonorecords of the copyrighted work to the public by sale or
           other transfer of ownership, or by rental, lease, or lending.

11  17 U.S.C. § 106.

12         Section 501 of the Copyright Act provides that "[a]nyone who violates any of the

13  exclusive rights of the copyright owner as provided by sections 106 through 122 [of the

14  Copyright Act] ... is an infringer of the copyright or right of the author, as the case may be," and

15  that the "legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute

16  an action for any infringement of that particular right committed while he or she is the owner of

17  it."  17 U.S.C. § 501(a)-(b).

18         Plaintiffs allege that they are the copyright owners or licensees of exclusive rights under

19  United States copyright with respect to certain copyrighted sound recordings ("Copyrighted

20  Recordings").  Among the exclusive rights granted to each Plaintiff uner the Copyright Act are

21  the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted

22  Recordings to the public.  Defendant, without the permission or consent of Plaintiffs, has used,

23  and continues to use, an online media distribution system to download the Copyrighted

24  Recording and/or to distribute the Copyrighted Recordings to the public.  These acts violate

25  Plaintiffs' exclusive rights of reproduction and distribution and his acts constitute infringement

26  of Plaintiffs' copyrights.  Plaintiffs further allege that these acts of infringement have been

27  willful and intentional, in disregard of, and with indifference to, the rights of Plaintiffs.

28

1         With the entry of default, this Court may accept the factual allegations of Plaintiffs'

2    complaint as true.  Based on Plaintiffs' uncontested allegations, they are entitled to relief as

3    requested pursuant to Sections 502, 504 and 505 of the Copyright Act.

4    **RECOMMENDATION**

5         For the reasons discussed above, the Court RECOMMENDS that:

6        1.    Plaintiffs' motion for default judgment in favor of Plaintiffs and against

7            Defendant Damien Hegr be GRANTED;

8        2.    Plaintiffs be AWARDED statutory damages in the amount of $6,750.00, which

9            represents the statutory minimum of $750.00 for each of the nine alleged

10           infringements.  17 U.S.C. § 504(a);

11       3.    Plaintiffs be GRANTED the following permanent injunction pursuant to 17

12           U.S.C. § 502:

13           Defendant shall be and hereby is enjoined from directly or indirectly infringing
     Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any

14   sound recording, whether now in existence or later created, that is owned or
     controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of

15   Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the
     Internet or any online media distribution system to reproduce (i.e., download) any

16   of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings,
     or to make any of Plaintiffs' Recordings available for distribution to the public,

17   except pursuant to a lawful license or with the express authority of Plaintiffs.
     Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant

18   has downloaded onto any computer hard drive or server without Plaintiffs'
     authorization and shall destroy all copies of those downloaded recordings

19   transferred onto any physical medium or device in Defendant's possession,
     custody or control.

20

         4.    Plaintiffs be AWARDED costs in the amount of $420.00 pursuant to 17 U.S.C. §
21
             505.
22
          This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,
23
     United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)
24
     and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern
25
     District of California.  Within thirty (30) days after being served with a copy, any party may file
26
     written objections with the court and serve a copy on all parties.  Such a document should be
27

28

4

1   captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will

2   then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

3   advised that failure to file objections within the specified time may waive the right to appeal the

4   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5

6        IT IS SO ORDERED.

7        **Dated:    January 13, 2009**                    **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28